IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN KEITH DONOGHUE,

    Petitioner,

Case No. 2:11-CV-01046-SI

v.

MARK NOOTH,

OPINION AND ORDER

    Respondent.

Tonia L. Moro, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Manslaughter. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#23) is denied.

## BACKGROUND

On May 13, 2005, the Deschutes County Grand Jury indicted petitioner on four counts of Assault in the Second Degree, one count of Assault in the First Degree, one count of Manslaughter in the First Degree, and one count of Manslaughter in the Second Degree. Respondent's Exhibit 103. The charges stemmed from two separate incidents: (1) petitioner was alleged to have struck Charles Sizemore in the face with a dangerous weapon (three rings on his punching hand), causing Sizemore substantial pain and a chipped tooth; and (2) petitioner was alleged to have punched Gale Heising without justification, using his rings as a dangerous weapon, breaking Heising's nose and causing him to fall backward onto the pavement where Heising hit his head and suffered a fatal brain injury. *Id.*

Petitioner proceeded to a jury trial where the jury found him guilty of two counts of Assault in the Fourth Degree as to Sizemore, and one count each of Manslaughter in the First Degree, Manslaughter in the Second Degree, and Assault in the Second Degree as to Heising. The trial court dismissed one count each of Assault

2 - OPINION AND ORDER

in the First Degree and Assault in the Second Degree, and sentenced petitioner to 126 months in prison. Trial Transcript, pp. 1334-35.

Petitioner took a direct appeal where his appointed attorney raised two assignments of error arguing that petitioner's convictions for Manslaughter II and Assault IV as to Heising should have merged into his conviction for Manslaughter I. Respondent's Exhibit 105. Petitioner also filed a *pro se* Supplemental Appellant's Brief raising numerous claims of error. Respondent's Exhibit 134. The Oregon Court of Appeals issued a written opinion in which it agreed that the trial court erred when it failed to merge petitioner's convictions for Manslaughter II and Assault IV with his Manslaughter I conviction since all of this conduct concerned the same victim (Heising) and the same incident. Respondent's Exhibit 107. With respect to the claims raised in the *pro se* Supplemental Appellant's Brief, the Oregon Court of Appeals refused to consider them:

> In a supplemental brief, defendant attempts to raise additional issues, including inadequate assistance of counsel and prosecutorial misconduct. Defendant's supplemental brief does not set forth separate assignments of error or otherwise comply with the format and preservation requirements of ORAP 5.45. Accordingly, we refuse to address the issues raised in the supplemental brief.

*Id.* The Oregon Court of Appeals then remanded the case for merger and resentencing, and the Oregon Supreme Court denied petitioner's *pro se* Petition for Review. Respondent's Exhibit 109.

3 - OPINION AND ORDER

Petitioner next filed for post-conviction relief ("PCR") in Malheur County. During the course of that case, he became dissatisfied with his appointed attorney's investigation and asked the PCR trial court to provide him with substitute counsel. Specifically, he was unhappy that appointed PCR trial counsel was not investigating facts that would prove his actual innocence. Respondent's Exhibit 124, pp. 3-4. The PCR trial court held a hearing on petitioner's motion where the court explained:

> Okay, now I just told you, and I'm sure that's why you're upset with her because she told you the same thing; that actual innocence is probably not a big issue in this. The issue is whether you have competent legal assistance and whether your rights were protected . . . She's not going to go back and reinvestigate this entire case is what I'm telling you. That's not what post-conviction attorneys do.

*Id* at 4.

The PCR trial court then gave petitioner a choice: he could either continue with his appointed attorney or proceed *pro se*. Petitioner opted to proceed *pro se*. *Id* at 5. The PCR trial court ultimately denied relief on his claims, and found that both trial and appellate counsel rendered constitutionally permissible representation. Respondent's Exhibit 124, p. 41; Respondent's Exhibit 125. The Oregon Court of Appeals affirmed this decision without opinion, and the Oregon Supreme Court denied review. *Donoghue v. Nooth*, 242 Or. App. 519, 254 P.3d 751, *rev. denied*, 350 Or. 571, 258 P.3d 526 (2011).

4 - OPINION AND ORDER

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on August 29, 2011, and amended his Petition on March 5, 2012. In his Amended Petition, petitioner raises 42 grounds for relief, and he provides argument in support of the following seven claims:

> B. Petitioner's Fourteenth Amendment rights were violated when the court denied petitioner's motion for judgment of acquittal and otherwise convicted Petitioner. The state failed to present sufficient evidence of the crime and failed to present sufficient evidence to negate Petitioner's self defense affirmative defense. The state failed to present sufficient evidence that Petitioner used a weapon, that petitioner caused the death, that Petitioner acted "recklessly" or that petitioner's actions were not justified or lawful in self-defense.
>
> C. Petitioner's Sixth and Fourteenth Amendment rights were violated when the court failed to properly respond to the jury's question during deliberation and when it denied Petitioner's motion for a mistrial based upon the Court's instruction on the definition of reckless conduct and juror bias and obstruction.
>
> H-4 Trial counsel failed to file a motion or otherwise challenge the state's failure to prove that Petitioner caused Heising's death.
>
> H-13 Trial counsel failed to perform the other acts listed throughout Petitioner's post-conviction brief which was filed with his *Pro Se* Petition for Habeas Corpus.
>
> I-2 Appellate counsel failed to assign error to the trial court's denial of Petitioner's motion for acquittal. The record demonstrated that Petitioner did not cause a substantial injury and that

5 - OPINION AND ORDER

>    Heising was observed to be "combative' and drunk."
>
> I-3  Appellate counsel failed to assign error to the trial court's erroneous interpretation of the elements of Manslaughter. In Oregon, the crime requires the state to prove that the defendant 'caused the death.'
>
> I-4  Appellate counsel failed to assign error to the trial court's determination that the punch caused substantial injury.

Respondent asks the court to deny relief on the Amended Petition because all claims within the pleading are procedurally defaulted.

## DISCUSSION

### I. **Unargued Claims**

As noted, although petitioner raises 42 grounds for relief in his Amended Petition, he provides briefing only in support of Grounds B, C, H(4), H(13), and I(2-4).[1] Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Importantly, it is petitioner who is responsible

---

[1] Petitioner also alludes to another claim of potential ineffective assistance of counsel for failure to preserve a better record. Memo in Support (#33), p. 24.  Such a claim is not properly before the court because it is not contained within the operative pleading. *See* Rule 2 of the Rules Governing Section 2254 Cases.

6 - OPINION AND ORDER

for meeting this substantial burden. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). Because petitioner does not support his remaining claims with any briefing, he has not carried his burden. Even if he had briefed these claims, the court's review of the record reveals that they would not entitle him to relief.

## II.  Exhaustion and Procedural Default Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### III. <u>Analysis</u>

#### A. <u>Direct Review</u>

Petitioner argues two grounds for relief that he claims to have fairly presented during direct review. In Grounds B and C, he alleges the trial court: (1) improperly denied his motion for judgment of acquittal; and (2) improperly denied his motion for a mistrial based upon the court's instruction to the jury on the definition of reckless conduct. During his direct appeal, the Oregon Court of Appeals allowed petitioner to file a supplemental appellant's brief in addition to the meritorious brief filed by his appointed attorney. However, petitioner's Supplemental *Pro Se* Appellant's Brief did not contain any assignments of error at all. Instead, petitioner began with an Index as a preamble to numerous

8 - OPINION AND ORDER

citations to the record and restatements of various portions of the record. The Index, in its entirety, provided:

> The first half of illustrations are where my attorney objected and the rest are mostly prosecutorial misconduct and plain error. "Intentional Prosecutorial Misconduct" brought up [627-24]. [1325-10-11] I raised Ineffective Council and when I attempted to raise Juror bias, obstruction and miscarriage of justice, I was forcefully silenced. "[I-I don't need to hear anything further form you. So–"

Respondent's Exhibit 134, p. 3.

Petitioner then proceeded to list a table of authorities followed by 78 cursory citations to the record[2] which he ultimately alleged showed "assertions and statements [by the prosecutor that] are Plain Error and Prosecutorial misconduct and Falsehood. Since space is limited, I will just list the Correct Evidence Question and Answer after the front cover." *Id* at 4. Petitioner then reproduced more than 30 excerpts from the trial transcript such as the following which represents the first such excerpt:

> [178-6-7] Mr. Ramirez: Objection [18-18-22] "It has no relevance. Whether its his father or not, it's not relevant. All it's – all they're doing is simply asking for the Jury to do what you told then not to do is give sympathy–have sympathy for the . ." [180-23-24] Overruled.

*Id* at 5. Petitioner concluded by claiming that he did not receive due process, and demanded release on his own recognizance and, if

---

[2] By way of example, petitioner's first of the 78 citations was simply "1. 136-10-15."

9 - OPINION AND ORDER

a new trial was ordered, require a sequestered jury and change of venue. *Id* at 10.

As discussed in the Background of this Opinion, the Oregon Court of Appeals refused to consider the issues in petitioner's *pro se* brief because he failed to set forth separate assignments of error, and did not comply with the format and preservation requirements within ORAP 5.45. In response to this explicit procedural rejection, petitioner asserts that ORAP 5.45 does not constitute an independent and adequate state procedural rule sufficient to bar federal review of his claims.

A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999). A state procedural rule constitutes an "independent" bar only if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

10 - OPINION AND ORDER

When a petitioner believes a state procedural rule is not firmly established or regularly followed, he bears the initial burden of making "specific factual allegations that demonstrate the inadequacy of the state procedural rule, including citations to authorities demonstrating inconsistent application of the rule." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). If petitioner makes such a showing, then the ultimate burden shifts to the State to show that the procedural rule invoked by the state court is sufficiently independent and adequate to support a procedural default. *Id.*

The Oregon Court of Appeals refused to consider the claims within petitioner's Supplemental *Pro Se* Appellant's Brief because it did not set forth separate assignments of error or comply with the format and preservation requirements set forth in ORAP 5.45. Petitioner argues that the portion of ORAP 5.45 requiring separately stated assignments of error is not consistently followed in Oregon and, thus, should not bar his direct appeal claims.[3]

In support of his contention that the Oregon Court of Appeals does not consistently enforce the requirement of ORAP 5.45

---

[3] While petitioner challenges the adequacy of the portion of ORAP 5.45 requiring separate assignment of errors, he does not address how his Supplemental *Pro Se* Appellant's Brief conformed with the other format requirements of ORAP 5.45. Presumably, the Oregon Court of Appeals' conclusion that petitioner had not complied with the format requirements of ORAP 5.45 would also include petitioner's failure to set forth specific legal argument with respect to any of his claims as required by ORAP 5.45(6).

11 - OPINION AND ORDER

requiring separate assignments of error, petitioner directs the court to three cases where the Oregon Court of Appeals overlooked the failure to comply with this rule: (1) *State v. Nguyen*, 222 Or. App. 55 (2008); *(2) State ex rel. Juv. Dept. Of Jackson County v. J.F.B.*, 230 Or. App. 106, (2009); and (3) *State v. Dubois*, 221 Or. App. 644 (2008).

*Nguyen* involved a situation where the defendant had set out discrete assignments of error, but his fourth assignment of error took issue with the trial court's denial of his motion for judgment of acquittal as to two charges of Assault I with respect to the same victim. The Oregon Court of Appeals noted that petitioner was technically challenging two separate rulings, and that separate rulings should be challenged by discrete assignments of error. *Nguyen*, 222 Or. App. at 62 n.2. The Oregon Court of Appeals did not, however, refuse to consider the defendant's fourth assignment of error. *Id.*

*J.F.B.* was an appeal by a mother from four juvenile court judgments involving two of her children. Two of the judgments were entered in July 2008 and the remaining two judgments were entered in August 2008. The appellant set out discrete assignments of error, but she challenged the July 2008 judgments together in a single assignment of error, and the August 2008 judgments in a separate but single assignment of error. As in *Nguyen*, the Oregon Court of Appeals noted this deficiency in a footnote but did not

12 - OPINION AND ORDER

bar any of the appellant's claims. *J.F.B.*, 230 Or. App. 106, 111 n.3.

In *Dubois*, the defendant's third assignment of error alleged that the trial court erred when it denied her motion to require the State to elect its theory as to a conspiracy charge. However, in her argument as to that assignment of error, she also challenged the trial court's related failure to instruct the jury regarding concurrence as error apparent on the face of the record. The concurrence issue was related to the motion to elect because by denying the motion to elect, petitioner asserted the trial judge needed to ensure the jury would agree on a single theory underlying the conspiracy charge. In a footnote, the Oregon Court of Appeals noted that the concurrence issue should have been raised as a separate assignment of error but elected to reach it nonetheless. *Dubois*, 221 Or. App. at 657 n.6.

None of these cases are on point with the case currently at bar where petitioner's *pro se* Supplemental Appellant's Brief did not present any assignments of error at all. Instead, the cases petitioner cites generally show that an appellant who mistakenly combines related by technically separate assignments of error stands a good chance at having those claims heard despite a minimal breach of ORAP's 5.45's requirement for separate assignments of error. These cases lie in stark contrast to petitioner's Supplemental *Pro Se* Appellant's Brief where he offered the Oregon

13 - OPINION AND ORDER

Court of Appeals 78 cursory citations to the record and more than 30 excerpts of quoted transcript without argument or reference to any of the case law he listed in his Table of Authorities. Respondent's Exhibit 134. In this regard, his case is not analogous to the cases he cites, and the court cannot conclude that the Oregon Court of Appeals has not consistently required briefs to set forth assignments of error as required by ORAP 5.45.

Petitioner next argues ORAP 5.92(2) provides a separate waiver of compliance with the Rules of Appellate Procedure with respect to *pro se* briefs. ORAP 5.92 specifically addresses supplemental *pro se* briefs and provides, in relevant part, as follows:

> The client shall attempt to prepare a supplemental *pro se* brief as nearly as practicable in proper appellate brief form. The brief shall identify questions or issues to be decided on appeal as assignments of error identifying precisely the legal, procedural, factual, or other ruling that is being challenged. The last page of the brief shall contain the name and signature of the client. Unless the court orders otherwise, the statement of the case, including the statement of the facts, and the argument together shall be limited to five pages.

ORAP 5.02(2) (internal footnote describing definition of *"pro se"* omitted).

Nothing about this provision of the Oregon Rules of Appellate Procedure exempts *pro se* litigants from the requirement within ORAP 5.45 that an appellant set forth specific assignments of error. To the contrary, ORAP 5.92(2) not only requires a defendant to

14 - OPINION AND ORDER

"attempt to prepare a supplemental *pro se* brief as nearly as practicable in proper appellate brief form" but also demands that *pro se* supplemental briefs identify claims "as assignments of error identifying precisely the legal, procedural, factual, or other ruling that is being challenged." While there may be greater latitude afforded *pro se* litigants under this Rule, nothing within the Rule contemplates the filing of a wholly non-conforming brief such as petitioner's.

Petitioner also directs the court's attention to *Farmer v. Baldwin*, 346 Or. 67 (2009), for the proposition that a relaxed standard should apply to *pro se* briefing in Oregon. In *Farmer,* the Oregon Supreme Court concluded that a litigant filing a *Balfour* brief could properly attach a prior pleading or brief as Section B of the *Balfour* brief in the Oregon Court of Appeals, and then incorporate that brief by reference into a petition for review.[4] *Farmer* was limited to situations involving *Balfour* briefs filed pursuant to ORAP 5.90 and did not speak at all to supplemental *pro se* briefs filed pursuant to ORAP 5.92. *Id* at 71-72. Accordingly,

---

[4] The *Balfour* procedure provides that appellate counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

15 - OPINION AND ORDER

the court finds petitioner failed to fairly present Grounds B and C so as to preserve them for federal habeas corpus review.

Petitioner next argues that he can overcome his procedural default as to Grounds B and C through a showing of cause and prejudice. A habeas petitioner seeking to overcome a procedural default through a showing of cause and prejudice must show that some external factor not attributable to him prevented him from complying with a state procedural rule, and that he suffered actual prejudice as a result. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982).

According to petitioner, ORAP 5.92(2)'s five-page limit on supplemental *pro se* briefs prevented him from setting forth his claims in the required manner. While the denial of a motion for leave to file a supplemental *pro se* brief may arise to cause to excuse a default under "unique circumstances," *Clemmons v. Delo*, 124 F.3d 944, 848 (8th Cir. 1997), petitioner in this case received permission to file a supplemental *pro se* brief but did not adhere to the requirements imposed under Oregon's Rules of Appellate Procedure.[5] The fact that petitioner was limited in the argument he could raise does not amount to cause to excuse his procedural

---

[5] While petitioner takes issue with the five-page limit, he did not adhere to this limitation. See Respondent's Exhibit 134. In this regard, even assuming the five-page limitation could constitute cause to justify his failure to comply with other applicable procedural rules, it is difficult to conclude that the five-page limit truly hampered him where he declined to follow it.

16 - OPINION AND ORDER

default, especially where he was represented by an attorney who had already filed a counseled brief on his behalf.[6]

Finally, petitioner contends that he presented his issues to the Oregon Supreme Court in a *pro se* Petition for Review, and nothing prevented the Oregon Supreme Court from reviewing his claims even if they were not properly before the Oregon Court of Appeals. To the contrary, only claims which are properly before the Oregon Court of Appeals are eligible for review by the Oregon Supreme Court. See O.R.A.P. 9.20(2); *State v. Castrejon*, 317 Or. 202, 856 P.2d 616, 622 (1993). Consequently, petitioner failed to fairly present any claims to the Oregon Supreme Court during direct review, and he is unable to excuse his procedural default.

B. **PCR Claims**

Petitioner argues two claims of ineffective assistance of trial counsel, and three claims of ineffective assistance of appellate counsel in this case. Respondent asserts that petitioner failed to fairly present any of his ineffective assistance of counsel claims to the Oregon Supreme Court during his state collateral review, noting that none of petitioner's eight assignments of error from his PCR Appellant's Brief relate to any of the claims he raises in his Amended Petition for Writ of Habeas

---

[6] The court also notes that the mere offer of appointed counsel is sufficient to meet a constitutional standard for accessing the courts. See *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982).

17 - OPINION AND ORDER

Corpus. Petitioner disagrees, and directs the court's attention to Assignments of Error Three and Eight from his PCR Appellant's Brief which provide:

> 3. As I preserved during my PCR trial, It is like the old testament and my 96 p. brief is the new testament, they go together in reference.
>
> 8. The court erred in [n]ot allowing me to fully argue my issues and did not assign any legal error to them.

Respondent's Exhibit 126.

With respect to both assignments of error, petitioner did not argue the claims of ineffective assistance of counsel he seeks to litigate here, but instead sought to incorporate by reference his 96-page PCR trial memorandum as well as his Supplemental *Pro Se* Appellant's Brief from his direct appeal. *Id.* Incorporation by reference does not constitute fair presentation. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a claim is not fairly presented if a state court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so."); *see also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (to satisfy fair presentation, a petitioner must present his federal constitutional issue "within the four corners of his appellate briefing.").

While petitioner contends that *Farmer* allows incorporation by reference of this type, *Farmer* states only that a *Balfour* litigant may attach a prior brief or pleading as Section B of his

18 - OPINION AND ORDER

appellant's brief (which otherwise contains no claims), and incorporate that same brief by reference in a subsequent petition for review. *Farmer*, 346 Or. at 80-81. *Farmer* does not stand for the proposition that a *pro se* appellant not subject to the *Balfour* procedure may incorporate documents from his direct review and lower PCR proceedings by reference into his appellant's brief and still satisfy the requirements of fair presentation.

For these reasons, the court finds petitioner failed to fairly present his ineffective assistance of counsel claims to Oregon's state courts. Because the time for presenting those claims passed long ago, they are procedurally defaulted and petitioner has not excused the default.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#23) should be DENIED. The court grants a Certificate of Appealability on the issue of whether petitioner fairly presented any of his argued claims so as to preserve them for federal habeas corpus review.

IT IS SO ORDERED.

DATED this 13th day of September, 2013.

Michael H. Simon
United States District Judge

19 - OPINION AND ORDER